IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | |
|---|---|
| RAYMOND JOSEPH EVA, ) | Cause No. CV 06-43-BU-RFC-CSO |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | FINDINGS AND RECOMMENDATION |
| ) | OF U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF THE STATE ) | |
| OF MONTANA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

_____

On June 19, 2006, Petitioner Raymond Eva filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Eva is a state prisoner proceeding pro se.

On December 27, 2006, United States Magistrate Judge Richard W. Anderson[1] ordered Eva to show cause why his petition should not be dismissed with prejudice for procedural default. Eva responded on January 3, 2007. On March 7, 2007, he submitted additional materials concerning his claims for relief.

**I. Background**

Eva previously filed a habeas petition in this Court. *See Eva v. State of Montana*, No. CV

---

[1] Judge Anderson retired effective January 7, 2007. The case was re-referred to the undersigned on January 8, 2007 (doc. 9).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

05-14-BU-CSO-SEH (D. Mont. filed Feb. 17, 2005). That petition was dismissed without prejudice for failure to exhaust state remedies. The following is the procedural background to Eva's first federal habeas petition, as of July 2005:[2]

> On September 18, 2001, Eva's suspended sentences for theft, imposed in Montana's First Judicial District Court, Lewis and Clark County, were revoked. He was sentenced to three years on each count, with all time to run concurrently, and with all time suspended. *See* Order Revoking Defendant's Suspended Sentence and Amended Judgment at paras. 1-6, *State v. Eva*, No. CDC 98-114 (Mont. 1st Jud. Dist. Ct. Sept. 18, 2001). The Petition in this case does not concern the revocation in Lewis and Clark County, but the revocation's importance will become apparent.
>
> Sometime after the revocation, Eva was convicted by a jury in Montana's Second Judicial District Court, Butte-Silver Bow County, of two counts of sexual assault and two counts of sexual intercourse without consent. On May 26, 2004, he was sentenced to a thirty-year term with twenty years suspended. Judgment was entered on June 1, 2004. These are the convictions that Eva challenges in the instant Petition. The case is captioned *State v. Eva*, No. DC 03-187 (Mont. 2d Jud. Dist. Ct. filed Oct. 10, 2003). *See* Pet. at 2-3, ¶¶ 1-4; Order at para. 4, *Eva v. State*, No. 05-196 (Mont. Apr. 19, 2005).
>
> On February 1, 2005, eight months after the entry of judgment in DC 03-187, Eva filed a Notice of Appeal in the trial court. *See* Pet. at 3, ¶ 8; Order at para. 4, *Eva*, No. 05-196. On March 11, 2005, the Montana Supreme Court granted the State's motion to dismiss the appeal as untimely. Order at para. 4, *Eva*, No. 05-196. Eva asked to refile his appeal, explaining that he did not know that he only had sixty days to appeal and claiming to have discovered new evidence. The Montana Supreme Court denied Eva's request on April 6, 2005. *Id*. para. 5.
>
> Shortly thereafter, Eva filed a petition for writ of habeas corpus in the Montana Supreme Court. He claimed that he was arrested on a warrant issued by a judge and did not have a probable cause hearing within the time provided by *State v. Goebel*, 31 P.3d 335 (Mont. 2001). The Montana Supreme Court held that Eva's allegation was a challenge to the validity of his conviction. Because the writ of habeas corpus is not available under state law to challenge the validity of a conviction or sentence, *see* Mont. Code Ann. § 46-22-101(2), the Montana Supreme Court denied the writ.
>
> The Court also observed that Eva could not file a state petition for

---

[2] At the time Eva's first petition was filed, the Court was better able to understand the procedural history of the case because it had access, through the now-defunct Montlaw subscription service, to Montana Supreme Court decisions that are not available on the court's website or on Westlaw or Lexis.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

> postconviction relief because the one-year limitations period had already expired. *See* Order at paras. 6-7, *Eva*, No. 05-196. However, because the *Goebel* decision applies to persons arrested on allegations of violating the conditions of a suspended sentence, it appears that Eva's habeas petition in the Montana Supreme Court, *Eva*, No. 05-196, concerned the sentences revoked in Lewis and Clark County. Eva's time for filing a postconviction petition regarding his convictions in the Second Judicial District Court had not expired at the time the Montana Supreme Court denied Eva's habeas petition.
>
> In fact, Eva's Petition in this Court states that a postconviction petition is pending in the trial court. *See* Pet. at 3, ¶¶ 11-12; *id*. at 7, ¶ 16. The records of the Second Judicial District Court show that Eva filed a petition for DNA testing on December 16, 2004, in *Eva*, No. DC 03-187. A petition for postconviction relief was filed in the same case on January 3, 2005. The State filed responses to those petitions on January 24, 2005, and on February 15, 2005, respectively. The trial court has not yet decided either of those petitions.

Findings and Recommendation of U.S. Magistrate Judge (doc. 7) at § II (D. Mont. July 20, 2005).

On January 27, 2006, Eva withdrew his state petition for postconviction relief. *See* Pet'r Resp. to Order (doc. 8) at 11.

**II. Analysis**

> In *Eva*, No. CV 05-14-BU-SEH-CSO, Eva was advised:
>
> In this case, it is clear on the face of the Petition that Eva has not yet done all he can in state court. Two petitions related to *Eva*, No. DC 03-187, are pending in the trial court. *See* Pet. at 3, ¶ 10. *Until the trial court decides those petitions, and until Eva completes an appeal of any adverse decision on either or both of those petitions, he may not proceed in this Court.* Eva has filed in this Court too soon.

Findings and Recommendation at § III.B (emphasis added).

Despite this specific warning that Eva must pursue postconviction relief both in the trial court and on appeal from any adverse decision, Eva withdrew his state postconviction petition in the trial court on January 27, 2006. Consequently, Eva defaulted in state court.

As cause for his procedural default, Eva asserts that his attorney withdrew the postconviction

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

petition without his consent or knowledge. *See* Pet'r Resp. to Order at 2. However, Eva also says, "I got a copy of the dismissal in the mail." *Id.* He does not say that he did not receive timely notice. Nor do the numerous documents he has filed show that he took any action to protest the dismissal or reinstate the petition in the state court. He did not file his federal petition until six months later, on June 19, 2006. Under these circumstances, there is no reason to believe that Eva's attorney acted unreasonably in dismissing the postconviction petition for lack of factual support. *See id.* at 5 ("Mr. Vicevich reported that he had thoroughly investigated the Defendant's Petition . . . and concluded that all of the . . . filings should be withdrawn or dismissed.").

Moreover, Eva's right to the effective assistance of counsel terminated sixty days after the entry of the judgment against him on June 1, 2004, or on August 2, 2004, when his time to file a notice of appeal expired. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Postconviction counsel's actions are binding on Eva. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986) (holding that habeas petitioner must "bear the risk of attorney error that results in a procedural default."). Although there may be some narrow exceptions to this rule, *see, e.g.*, *Moormann v. Schriro*, 426 F.3d 1044, 1058-59 (9th Cir. 2005), *cert. denied*, __ U.S. __, 126 S. Ct. 2984 (2006), there could be none here, because postconviction counsel was not involved in the trial stage of Eva's case. *Compare* Pet. (doc. 1) at 10, ¶ 17(a)-(b) (showing Deirdre Caughlin as trial counsel), *and* Presentence Investigation Report (sealed) (doc. 12) at 1 (same), *with* Pet'r Resp. to Order at 4 (showing David Vicevich as postconviction counsel).

Eva has failed to show cause for his procedural default. The Court has reviewed the documents submitted by Eva with his petition in 2006 and in March 2007. They do not remotely

show that "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." Consequently, Eva also cannot excuse his procedural default under the "fundamental miscarriage of justice" exception. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see also Majoy v. Roe*, 296 F.3d 770 (9th Cir. 2002). The petition must be dismissed with prejudice as procedurally barred.

### III. Certificate of Appealability

#### A. Governing Standards

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *See Hohn v. United States*, 524 U.S. 236 (1998); *Lambright v. Stewart*, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. *Lambright*, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner ... "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

*Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Thus, a petitioner may obtain a COA even if he does not establish that he will prevail on the merits. The COA inquiry seeks only to prevent frivolous appeals from wasting judicial resources, while still affording petitioners an opportunity to show potential for merit. *Lambright*, 220 F.3d at 1025. Any doubt as to whether a petitioner has met the standard is resolved in his favor.

*Id*.

Where the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Lambright*, 220 F.3d at 1026 (quoting *Slack*, 529 U.S. at 484).

Finally, the COA must indicate which issues satisfy the required showing, 28 U.S.C. § 2253(c)(3), and the Court must "state why a certificate should *not* issue." Fed. R. App. P. 22(b)(1) (emphasis added). The Court need not explain why a certificate *should* issue. *Id*.

**B. Discussion**

Regardless of whether reasonable jurists could debate the petition's viability, this is a clear-cut case of procedural default. Eva filed a postconviction petition in state court, but he withdrew it, and he did so despite the Court's previous advisement that he must exhaust his state remedies. Under the circumstances here, procedural default is inevitable. A COA is not warranted.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

Eva's Petition (doc. 1) should be DISMISSED WITH PREJUDICE as procedurally barred. A certificate of appealability should be DENIED and the Clerk of Court should be directed immediately to process the appeal if Eva files a notice of appeal.

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Petitioner. Petitioner is advised that, pursuant to 28 U.S.C. § 636,

any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[3] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Eva must immediately notify the Court of any change in his mailing address.

DATED this <u>13th</u> day of April, 2007.

                                            /s/ Carolyn S. Ostby
                                            Carolyn S. Ostby
                                            United States Magistrate Judge

---

[3] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.