IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

FILED
BILLINGS DIV.

2007 MAY 25  AM 9 26

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| **RAYMOND JOSEPH EVA,** | ) | CV-06-43-BU-RFC |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATIONS OF |
| **ATTORNEY GENERAL OF THE,** | ) | U.S. MAGISTRATE JUDGE |
| **STATE OF MONTANA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

On April 13, 2007, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends Eva's Petition (*Doc. 1*) should be dismissed with prejudice because it is procedurally barred. Magistrate Judge Ostby further recommends Plaintiff be denied a certificate of appealability and that the Clerk of Court be directed immediately to process the appeal if Eva files a notice of appeal.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1).[1] In this matter, no objections were filed. By failing to object, Plaintiff has waived all objections to Magistrate Judge Ostby's factual findings. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, Plaintiff's failure to file objections does not relieve this Court of its burden to review conclusions of law *de novo*. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) (*overruled on other grounds by Simpson v. Lear*

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

1

*Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir.1996)).

After an extensive review of the record and applicable law, it is clear Magistrate Judge Ostby's legal conclusions have a sound legal basis. Magistrate Judge Ostby believes a reasonable jury could have convicted Plaintiff on the evidence submitted. Thus, there is no miscarriage of justice which would excuse procedural default. *Majoy v. Roe*, 296 F.3d 770, 775 (9th Cir. 2002). With regard to Magistrate Judge Ostby's recommendation that a certificate of appealability be denied, this Court also believes that reasonable jurists would not find it debatable whether the petition states a valid claim of the denial of a constitutional right, nor would they take issue with this procedural ruling. *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000). For those reasons this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Accordingly, **IT IS HEREBY ORDERED** Plaintiff's Petition (*Doc. 1*) is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that Plaintiff is denied a certificate of appealability. The Clerk of Court is directed to immediately process the appeal if Plaintiff files a notice of appeal.

The Clerk of Court shall notify the parties of the making of this Order.

DATED the 25 day of May, 2007.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

2